**IT IS ORDERED as set forth below:**



**Date: May 12, 2025**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| | : | BANKRUPTCY CASE |
| ADVENTURE COAST, LLC, | : | 25-50682-LRC |
| | : | |
| Debtor. | : | |
| _____ | : | |
| NORTHWEST GEORGIA FACTORING | : | ADVERSARY PROCEEDING |
| GROUP, | : | NO. 25-05067-LRC |
| | : | |
| Plaintiff. | : | |
| | : | |
| v. | : | |
| | : | |
| ADVENTURE COAST, LLC and | : | IN PROCEEDING UNDER |
| MARCUS COOLEY, | : | SUBCHAPTER V OF |
| | : | CHAPTER 11 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

# ORDER

Adventure Coast, LLC ("Debtor") filed a Notice of Removal of the Newton County Superior Court case SUCV202400257 ("the Removed Case") to the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1334 and

1452. Debtor was not a named party in the Removed Case; however, at the time of the removal had filed a motion to intervene as a defendant and counterclaimant, which has not yet been ruled upon (the "Motion to Intervene").  Northwest Georgia Factoring Group ("Plaintiff") filed an Emergency Motion to Remand Removed Case to the Superior Court of Newton County (the "Emergency Motion") (Doc. 5).  Debtor opposes the Emergency Motion (the "Response") (Doc. 7).

The Court held a hearing on the Emergency Motion on May 1, 2025.  At the end of the hearing, the Court directed Debtor's counsel to file a supplemental briefing providing support for the ability of a non-party to remove a case from state court to bankruptcy court by May 8, 2025.

PROCEDURAL HISTORY

Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on September 23, 2024, commencing its prior bankruptcy case, Case No. 24-60023.  Shortly thereafter, that case was dismissed due to lack of insurance coverage.  On December 10, 2024, Plaintiff served the complaint filed in the Removed Case, which sought to recover on a personal guarantee of the Factoring Agreement signed by Debtor's principal, Marcus Cooley ("Defendant").  Defendant filed an initial answer and counterclaim pro se.

On January 22, 2025, Debtor filed its second petition for relief under chapter 11 (Case No. 25-50682).  In the Removed Case, Plaintiff filed a Motion for Judgment on the Pleadings on February 19, 2025, which is set for hearing before the Newton County Superior Court on May 16, 2025. On April 16, 2025, Debtor filed the Motion to Intervene, and that same day, without awaiting a ruling on it, filed the Notice of Removal.  Plaintiff seeks to have the case remanded to Newton County Superior Court, pursuant to 28 U.S.C § 1452(b), because Debtor was not a party to the

Removed Case. Having considered the arguments and the briefs, the Court finds that the removal of the case by a non-party was not proper, and the Removed Case will be remanded.

## LEGAL ANALYSIS

Plaintiff asserts that removal of the Removed Case was improper and a nullity because Debtor is not a party to the underlying case. An underlying suit within the jurisdiction granted by 28 U.S.C. § 1334(b) can be removed properly by any *party* under section 1452. *See Things Remembers v. Petrarca*, 516 U.S. 124 (1995). Removal statutes are to be construed narrowly "because of the significant federalism concerns implicated," and "if federal jurisdiction is doubtful, a remand to state court is necessary." *Md. Stadium Auth. v. Ellerbe Becket Inc.,* 407 F.3d 255, 260 (4th Cir. 2005). The term "party" as used in the statute is unambiguous, and refers to someone named in the complaint, *Official Unsecured Creditors' Comm. of Hearthside Baking Co. v. Cohen (In re Hearthside Baking Co.)*, 391 B.R. 807 (Bankr. N.D. Ill. 2008), and if a defendant, served with process. *Hayim v. Goetz (In re SOL, LLC)*, 419 B.R. 498, 503 (Bankr. S.D. Fla. 2009); *see also Pereira v. Dunnington (In re 47-49 Charles St.)*, 211 B.R. 5, 6 (S.D.N.Y. 1997) (rejecting non-party's attempt to remove landlord-tenant action under Section 1452(a), noting non-party's motions to intervene had been denied by state court). The relevant authority on this issue extends to situations where the non-party purports to be the real party in interest. *Valley Nat'l Bank v. Burrini's Olde World Mkt., Inc.,* 2022 U.S. Dist. LEXIS 194841 (D.N.J. Oct. 25, 2022) (citing *Contegra Const. Co. LLC v. Sutphen (In re Advance Iron Works, Inc.)*, 495 B.R. 404, 409 (Bankr S.D. Ill. 2013); *Whiney Lane Holdings, LLC v. Don Realty, LLC,* 2010 WL 1257879, at *2 (N.D.N.Y Mar. 26, 2010).

Specifically, in *Valley Nat'l Bank*, a non-party attempting to remove a case to bankruptcy

court contended that the "broad jurisdiction federal courts have over all civil proceedings that are 'related to' bankruptcy cases . . . requires an expansive interpretation of 'party' in §1452(a)." *See* 2022 U.S. Dist. LEXIS 19441 at *12 (internal citations omitted).  The court emphasized that the non-party had not "offered any authority suggesting the subject matter jurisdiction for proceedings related to bankruptcy controls the question of *who* may invoke that jurisdiction."  *Id.*  The non-party relied, as Debtor does here, on *Burns v. Grupo Mexico S.A. De C.V.*, 2007 U.S. Dist. LEXIS 84514 (S.D.N.Y. Nov. 16, 2007),[1] which allowed non-party removal by an entity that was simultaneously attempting to be substituted in for the original plaintiffs.  Here, as in *Valley Nat'l Bank*, the non-party "has not sufficiently shown that this Court should depart from the plain meaning of "party" and the recent cases holding a nonparty may not claim party status under § 1452(a) as a party in interest." 2022 U.S. Dist LEXIS 194841 at *13; *see also In re Croatan Surf Club, LLC*,  2011 WL 5909339, at *2 (Bankr. E.D.N.C. Aug. 10, 2011).  Similarly, in *In re Mission Bay Ski & Bike, Inc.*, 2007 WL 4390331, at *2–3 (Bankr. N.D. Ill. Dec. 14, 2007), the court noted that the problem with cases such as *Burns* "is that removal 'is a purely statutory right'" and deeming the existence of subject matter jurisdiction to be the only prerequisite "reads out of the statute the requirement that a 'party' remove."  In *Mission Bay Ski & Bike*, the court also considered that fact that "the term 'party in interest' appears throughout the Bankruptcy Code, *see, e.g.*, 11 U.S.C. §§ 102(1)(B)(ii), 105(a), 105(d), 107(b), 303(g), 326(a), 330(a)(1), 330(a)(2), 341(e), 362(c)(3), and Congress knows how to use it in connection with bankruptcy when it wants to.," but "Congress chose not to in section 1452(a)."  *Id*. at *3.  The court declined to broaden the term "party" to mean

---

[1] The *Burns* decision was followed six years later by the *Wu* decision, which rejected the determination in *Burns* and found that the word "party" should be given its ordinary meaning.  *See Valley Nat'l Bank v. Burrini's Olde World Mkt., Inc.*, 2022 U.S. Dist. LEXIS 194841 (citing *Wu v. Wu* (*In re Queen Elizabeth Realty Corp.*), 502 B.R. 17, 22 (Bankr. S.D.N.Y. 2013)).

"party in interest," because it was "inconsistent with the long-standing policy of construing removal statutes narrowly." *Id*.

While there is no binding Eleventh Circuit precedent on this issue, the Court agrees with the analysis of *Valley Nat'l Bank* and other cases that Debtor's removal did not comply with the requirements of the statute. *See Mission Bay Ski & Bike, Inc*., 2007 WL 4390331, at *2–3 ("Section 1452(a) says that a 'party' can remove an action. It does not say that a non-party can remove as long as the requirements of bankruptcy jurisdiction are satisfied" or "so as long as he qualifies as a 'party in interest.'"). In the face of a request for remand, and absent the waiver of this procedural defect, the Removed Case will be remanded. *See generally Wilson v. Hearos, LLC*, 128 F.4th 1254, 1262 (11th Cir. 2025) ("In sum, we conclude that a non-party does not have authority to remove a case from state court to federal court. But that inquiry is separate from a federal court's subject matter jurisdiction. If a non-party does remove a case, and that case could have been originally filed in federal court, then that improper removal is a procedural defect subject to the 30-days rule under § 1447(c). And without a timely motion raising that procedural defect, it is waived.").

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that the Emergency Motion is GRANTED, and the Removed Case is REMANDED.

**END OF DOCUMENT**

**Distribution List**

Ceci Christy
Rountree Leitman Klein & Geer, LLC
2987 Clairmont Rd, Ste 350
Atlanta, GA 30329

Tyler Gaines
Epps, Holloway, Deloach, & Hoipkemier, LLC
1220 Langford Drive
Building 200-101
Watkinsville, GA 30677

Adventure Coast, LLC
4163 Emory Street NW
Covington, GA 30014

Benjamin R Keck
Keck Legal, LLC
Druid Chase – Suite 115
2801 Buford Highway NE
Atlanta, GA 30329

Ashley L. Hughes
Oliver Hugers LLC
700 Churchill Court, Suite 120
Woodstock, GA 30188